# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SPENCER COPE, ) | |
| ) | 8:06CV403 |
| Plaintiff, ) | |
| ) | AMENDED |
| vs. ) | FINAL PROGRESSION ORDER |
| ) | |
| AMERICOLD LOGISTICS, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the joint motion to extend the dispositive motion deadline (Filing No. 25). The motion will be granted. Various deadlines following the dispositive motion deadline will be rescheduled to allow the court adequate time to consider such dispositive motions prior to the final pretrial conference. Accordingly, the final progression order will be adjusted as set forth below. Deadlines other than the dispositive motion deadline which have expired will not be reset.[1]

**IT IS ORDERED:**

The joint motion to extend the dispositve motion deadline (Filing No. 25) is granted.

**IT IS FURTHER ORDERED:**

1.  **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **June 29, 2007**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

---

[1] There was a clerical error for the deadline for the plaintiff to add parties and/or amend pleadings in the Final Progression Order of November 13, 2006. The order gave the deadline for July 14, 2007, when the actual deadline was January 14, 2007. That deadline is considered expired and will not be reset in this order.

2.   **Disclosure of Expert Witnesses.**[2]  If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose additional expert witnesses **not later March 15, 2007**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of deposition.  Supplementation of these disclosures shall be made in accordance with Fed. R. Civ. P. 26(e).

3.   **Pretrial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

   A.   **Nonexpert Witnesses - On or before June 1, 2007:**  The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   B.   **Deposition Testimony and Discovery - On or before October 5, 2007:**  1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer.  Such designations and any objections thereto shall also be included in the final pretrial conference order.  **See** NELR 16.2.

   C.   **Trial Exhibits - On or before October 5, 2007:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits.  The parties shall also designate on the list those exhibits it may offer only if the need arises.

   D.   **Waiver of Objections**: Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

---

[2] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" within the meaning of Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

**E.** **Filing of Disclosures**: The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

4. **Motions in Limine.**

**A.** *Daubert* **Motions.** Any motion *in limine* challenging the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed **on or before April 17, 2007**, in the absence of which any objection based upon said rule shall be deemed waived. **See** ***Kumho Tire Co., Ltd. v. Carmichael***, 526 U.S. 137 (1999); ***Daubert v. Merrell Dow Pharmaceuticals***, 509 U.S. 579 (1993).

**B.** **Any other** motions *in limine* shall be filed not later than **October 15, 2007**.

5. **All** motions for summary judgment shall be filed **on or before June 1, 2007**. **See** NELR 56.1 and 7.1.

6. **The Final Pretrial Conference** with the undersigned magistrate judge is set for **October 22, 2007** at **2:00 p.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NELR 16.2. By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

7. **Trial** is set to commence **at 8:30 a.m. on November 19, 2007,** in Omaha, Nebraska, before the Honorable Joseph F. Bataillon and a jury.

8. **Motions to Alter Dates.** All requests for changes of date settings shall be directed to the undersigned magistrate judge by appropriate motion.

DATED this 28th day of February, 2007.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge